# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7640 | **DATE** | 12/212012 |
| **CASE TITLE** | Spencer Montgomery vs. Douglas Arend, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in this order, the Court grants defendants' motion for leave to file an amended answer [41].

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

In this suit, plaintiff seeks to recover damages from his former lawyers for bad advice they allegedly gave him about operating an options broker-dealer. Defendants seek leave, pursuant to Federal Rule of Civil Procedure 15(a), to amend their answer to assert the affirmative defenses of unclean hands, comparative fault and untimeliness. Plaintiff asks the Court to deny the motion because defendants unduly delayed in making it, plaintiff would be prejudiced by the proposed amendment and it would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (stating that a motion to amend should be granted unless there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [or] futility of amendment").

Even if, as plaintiff argues, defendants unduly delayed making their request to amend, that delay is a basis for denying their motion only if it prejudices plaintiff. *See Doherty v. Davy Songer, Inc.*, 195 F.3d 919, 922 (7th Cir. 1999) ("[M]ere delay, without a showing of prejudice, is not sufficient to deny [leave to] amend[]."). Because the Court has extended the discovery deadline, the only prejudice plaintiff identifies is the cost of additional discovery. Plaintiff does not, however, estimate those costs, precluding the Court from assessing the extent of this purported prejudice. Moreover, given that the proposed defenses are based on allegations made in a suit the CFTC has been pursuing against plaintiff since March 2012, any additional discovery costs should be minimal.

The Court is also not persuaded that the proposed amendment would be futile. *See Glick v. Koenig*, 766 F.2d 265, 268 (7th Cir. 1985) (stating that a proposed amendment is futile if it "could not withstand a motion to dismiss"). Unclean hands is a viable defense to a legal malpractice claim based on lawyer's failure to help plaintiff commit or escape the consequences of wrongful conduct. *See Makela v. Roach*, 492 N.E.2d 191, 195 (Ill. App. Ct. 1992) (holding that unclean hands barred plaintiff from recovering for her lawyer's alleged failure to help her defraud medical creditors); *Mettes v. Quinn*, 411 N.E.2d 549, 551 (Ill. App. Ct. 1980) (holding that

**STATEMENT**

plaintiff could not "recover[] from her attorney because his faulty advice caused her fraud to be uncovered"). Whether that is what happened in this case is an issue of fact that cannot be determined on motion to dismiss. *See Bucci v. Rustin*, 592 N.E.2d 297, 300 (Ill. App. Ct. 1992) (stating that an unclean hands defense that "raises factual issues attacking the allegations in the complaint . . . should not be resolved" on a motion to dismiss). Because the viability of the unclean hands defense depends on facts that have yet to be determined, the Court cannot say that it would be futile for defendants to assert it.

The same is true for the comparative fault defense. Illinois' modified comparative fault statute, which bars tort plaintiffs from recovering for bodily injury, death or property damage for which they are more than half at fault, does not apply to legal malpractice claims. *See* 735 Ill. Comp. Stat. 5/2-1116(c) ("In all actions on account of death, bodily injury or physical damage to property in which recovery is predicated upon fault, . . . . [t]he plaintiff shall be barred from recovering damages if the trier of fact finds that the contributory fault on the part of the plaintiff is more than 50% of the proximate cause of the injury or damage for which recovery is sought . . . ."); *Eastman v. Messner*, 721 N.E.2d 1154, 1158 (Ill. 1999) ("The injuries resulting from legal malpractice are not personal injuries but, instead, are pecuniary injuries to intangible property interests."). However, the doctrine of pure comparative fault, under which a tort plaintiff's recovery is reduced by the percentage of fault he bears for his injury, still applies. *Nika v. Danz*, 556 N.E.2d 873, 884 (Ill. App. Ct. 1990) ("[A] legal malpractice case[] [is] no different from an ordinary negligence case where contributory negligence is an affirmative defense."); *see Bd. of Trs. of Comty. Coll. Dist. No. 508 v. Coopers & Lybrand*, 803 N.E.2d 460, 465 (Ill. 2003) (stating, in the context of an accountant malpractice suit, that the doctrine of pure comparative fault is "applicable to tort actions for recovery of economic loss"); *see also Carmel v. Clapp & Eisenberg, P.C.*, 960 F.2d 698, 703 (7th Cir. 1992) ("It is also well established that a plaintiff client's failure to follow legal advice may constitute contributory negligence in a legal malpractice case."). Accordingly, defendants' assertion of this defense would not be futile.

Plaintiff also argues that, to the extent defendants assert it to the breach of fiduciary duty claim, the proposed limitations defense is futile. (*See* Resp. Opp'n Mot. Defs.' Mot. Leave File Am. Answer at 11.) Defendants, however, seek to assert this defense solely to the malpractice claim. (*See* Defs.' Mot. Leave File Am. Answer at 10 & n.3.) Because plaintiff does not argue futility with respect to the malpractice claim, there is no basis for denying defendants leave to assert this defense.